<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TED M. ROBERTS, et al., | : | Civil No.: 05-2626 (JBS) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| JUDGE McFEELEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Ted M. Roberts, <u>Pro</u> <u>Se</u>
#149787
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08102

**SIMANDLE**, District Judge

     Plaintiff Ted M. Roberts is currently confined at the Camden

County Correctional Facility, Camden, New Jersey.  Plaintiff

Roberts seeks to bring this action on behalf of himself and 61

additional plaintiffs pursuant to 42 U.S.C. § 1983, alleging

violations of their constitutional rights.[1]  Plaintiff Roberts is

---

     [1]     To the extent that Plaintiff seeks to assert the rights
of other inmates, his request is denied.  With limited exception,
"a litigant must assert his or her own legal rights and
interests, and cannot rest a claim to relief on the legal rights
or interests of third parties."  <u>Powers v. Ohio</u>, 499 U.S. 400,
410 (1991).  Further, Plaintiff does not meet the prerequisites
to maintain a class action.  <u>See</u> Fed. R. Civ. P. 23(a); <u>Fymbo v.
State Farm</u>, 213 F.3d 1320 (10th Cir. 2000)(holding that <u>pro se</u>
plaintiff cannot be an adequate class representative); <u>Ziegler v.
Michigan</u>, 90 Fed. Appx. 808 (6th Cir. 2004)(same); <u>Fowler v. Lee</u>,
18 Fed. Appx. 104 (4th Cir. 2001)(same); <u>Welch v. Terhune</u>, 11

the only plaintiff who submitted an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.[2]

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

<u>**BACKGROUND**</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff Roberts is a pre-trial detainee confined at the Camden County Correctional Facility.  He seeks to sue two municipal court judges (defendants McFeeley and Amana), and Camden County Prosecutor Vincent P. Sarubbi, for failure to provide him and the other named plaintiffs a probable cause hearing.  Plaintiff further names the warden of the facility, Eric Taylor as a defendant, arguing that the conditions of confinement violate the constitution.

Plaintiff asks for declaratory and injunctive relief only.

---

Fed. Appx. 747 (9th Cir. 2001)(same).

[2]  Because none of the additional plaintiffs have submitted complete <u>in</u> <u>forma</u> <u>pauperis</u> applications, they will be dismissed from this action, without prejudice, for failure to comply with 28 U.S.C. § 1915(a), (b).

**DISCUSSION**

**A.     Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 520 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B.**   **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.**   **Plaintiff's Claims Regarding the Probable Cause Hearing Will Be Dismissed.**

First, Plaintiff's claim that he was denied a probable cause hearing in the course of his state criminal proceedings is essentially a matter of state law procedure.  Liberally construing the complaint, Plaintiff asserts a due process claim due to the absence of a probable cause hearing.  However, it is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, it is clear that state proceedings implicating important state interests are ongoing, and that Plaintiff has the opportunity to raise his instant claims in that proceeding.  Plaintiff has failed to plead any special circumstances that would take this case out of the Younger abstention doctrine.  Thus, Plaintiff must present his complaints about his criminal proceedings to the court in which his action is pending.  See Roberts v. Childs, 956 F. Supp. 923, 925 (D. Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997).  Therefore, Plaintiff's claims will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

Second, in a series of cases beginning with Preiser v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In this case, to the extent that Plaintiff asserts that there was no probable cause to arrest him, Plaintiff challenges the fact of his physical imprisonment.  Therefore, in accordance

6

with <u>Preiser</u>, the claims are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

Finally, the Court notes that municipal judges and prosecutors are immune from suit under section 1983.  <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9 (1991) (holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity); <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 441 (3d Cir. 2000)(holding that municipal judge was entitled to absolute immunity when judicial acts were taken in a matter over which judge had jurisdiction); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983").

**D.   <u>Plaintiff's Conditions of Confinement Claim.</u>**

Plaintiff states that the Camden facility is overcrowded, with four men to a cell, the facility is dirty, the water is contaminated, and the inmates live in a hostile environment due to the stress of their situations.

Pretrial detainees conditions of confinement claims are analyzed under the Due Process Clause.  <u>See</u> <u>Hubbard v. Taylor</u>, 399 F.3d 150 (3d Cir. 2005); <u>see</u> <u>also</u> <u>Fuentes v. Wagner</u>, 206 F.3d 335, 341 n.9 (3d Cir. 2000).  Analysis of whether such a detainee has been deprived of liberty without due process is governed by

the standards set out by the Supreme Court in <u>Bell v. Wolfish</u>,
441 U.S. 520 (1979); <u>see also</u> <u>Fuentes</u>, 206 F.3d at 341-42.  In
<u>Bell</u>, the Supreme Court explained:

> In evaluating the constitutionality of conditions
> or restrictions of pretrial detention that implicate
> only the protection against deprivation of liberty
> without due process of law, we think that the proper
> inquiry is whether those conditions amount to
> punishment of the detainee.  For under the Due Process
> Clause, a detainee may not be punished prior to an
> adjudication of guilt in accordance with due process of
> law. ...
>
> Not every disability imposed during pretrial
> detention amounts to "punishment" in the constitutional
> sense, however.  Once the government has exercised its
> conceded authority to detain a person pending trial, it
> obviously is entitled to employ devices that are
> calculated to effectuate this detention. ...
>
> A court must decide whether the disability is
> imposed for the purpose of punishment or whether it is
> but an incident of some other legitimate governmental
> purpose.  Absent a showing of an expressed intent to
> punish on the part of detention facility officials,
> that determination generally will turn on "whether an
> alternative purpose to which [the restriction] may
> rationally be connected is assignable for it, and
> whether it appears excessive in relation to the
> alternative purpose assigned [to it]."  Thus, if a
> particular condition or restriction of pretrial
> detention is reasonably related to a legitimate
> governmental objective, it does not, without more,
> amount to "punishment."  Conversely, if a restriction
> or condition is not reasonably related to a legitimate
> goal--if it is arbitrary or purposeless--a court
> permissibly may infer that the purpose of the
> governmental action is punishment that may not
> constitutionally be inflicted upon detainees <u>qua</u>
> detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further
explained that the government has legitimate interests that stem

8

from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  See id. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  See id. at 539 n.20, 561-62.

Plaintiff has alleged facts sufficient to allow the conditions of confinement claim to proceed past the sua sponte screening stage.  See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004)(stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms); Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004)(clarifying Alston, a complaint must plead facts sufficient at least to "suggest" a basis for liability); Denton v. Hernandez, 504 U.S. 25, 34 (1992) (court may not dismiss pro se complaint without permitting amendment if pleading deficiencies might be cured by amendment).

**CONCLUSION**

For the reasons set forth above, Plaintiff's claim regarding the absence of a probable cause hearing under state law will be dismissed.  Plaintiff's conditions of confinement claim will be permitted to proceed.  An appropriate order follows.


                                        **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE
                                        United States District Judge


Dated:    **July 28, 2005**

10